LEWIS INDUSTRIES, a Montana corporation, d/b/a Lewis Construction Company, Western Sign Corporation, Highway Specialties, Inc., Northern Construction Company, Rocky Mountain Ready Mix, Western Contractors, Inc., Concrete Service Company and Nationwide Electric Corporation, Plaintiffs–Appellants,

v.

BARHAM CONSTRUCTION INC.; Trinity Industries, Defendants–Appellees.

No. 88–3674.

United States Court of Appeals, Ninth Circuit.

Submitted June 8, 1989 *.

Decided July 7, 1989.

Patrick F. Flaherty, Flaherty & Winner, Great Falls, Mont., for plaintiffs-appellants.

J. Richard Orizotti, Poore, Roth & Robinson, Butte, Mont., and Frederick W. Addison, III, Rader, Addison & Story, Dallas, Tex., for defendants-appellees.

Before GOODWIN, WRIGHT and NORRIS, Circuit Judges.

PER CURIAM:

Appellant Lewis Industries ("Lewis") appeals from an order of the district court affirming a summary judgment of the bankruptcy court in favor of appellee Trinity Industries ("Trinity"). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

Lewis is a highway subcontractor, specializing in building and installing items such as signs, medians, guardrails and similar highway accessories. Trinity is a guardrail manufacturer. In early 1985, Lewis submitted a bid to appellee Barham Construction Company ("Barham"), a general contractor, to install guardrails at the Three Meadows Group Camp in Idaho. Barham had been awarded a large contract with the Army Corps of Engineers to do work at the Three Meadows site. After receiving all the bids, Barham awarded the guardrail construction work to Lewis. In turn, Lewis arranged to purchase guardrail equipment from Trinity. Lewis ordered a total of $32,364.38 worth of guardrail equipment. Trinity delivered the guardrails, but Lewis contends that the delivery was late and that this delay has cost Lewis money. Lewis has made some payments to Trinity, reducing the balance Trinity still claims on the contract to $14,643.13.

On November 5, 1985, Lewis filed a Chapter 11 petition. On December 24, 1985, it filed a motion under 11 U.S.C. § 365 requesting bankruptcy court authorization to assume 14 executory contracts,

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a) and Ninth Circuit Rule 34–4.

one of which was the guardrail contract with Trinity.[1] After hearing evidence on Lewis' motion, the bankruptcy court issued, pursuant to § 365, an order granting Lewis' motion to assume, among others, the contract with Trinity.

Later, Lewis instituted an adversary proceeding against Trinity and Barham to interplead the amount of money Barham owed Lewis under the subcontract, $59,993.10, and to determine how much of this amount Lewis owed Trinity. Lewis claimed that the $14,643.13 balance on the contract with Trinity should be offset by $8,291.73, the amount of damages Lewis claims it suffered as a result of Trinity's late delivery of the guardrails.

Trinity then moved for summary judgment in the adversary proceeding. In making this motion, Trinity relied upon the bankruptcy court order allowing Lewis to assume its executory contract with Trinity. This order specified that Trinity was to be paid the full $32,364.38. It recognized no reduction for Lewis' offset claim. Trinity argued that because Lewis knew of all the facts that gave rise to its offset claim at the time of the assumption hearing, Lewis should have raised the claim at that time. The bankruptcy court agreed, granting summary judgment to Trinity on the ground that Lewis is estopped from raising the offset claims it failed to raise at the assumption hearing. Lewis appealed that order to the Ninth Circuit Bankruptcy Appellate Panel. Trinity objected and the appeal was transferred to the United States District Court for the District of Montana. The district court affirmed the grant of summary judgment to Trinity. Lewis now appeals from the district court's ruling.

We review the district court's affirmance of the summary judgment to Trinity *de novo.* *Rubenstein v. Ball Bros. Inc. (In re New England Fish Co.),* 749 F.2d 1277, 1280 (9th Cir.1984).

We agree with the district court that Lewis is estopped from raising the offset claims in the adversary proceeding since it knew of and failed to raise those claims at the § 365 assumption hearing. As the district court noted, this case is somewhat similar to *In re Fashion World, Inc.,* 49 B.R. 690 (Bankr.D.Mass.1985), where the court held a creditor estopped from contesting a prior order of the bankruptcy court regarding the rejection of a lease under § 365. Here, as in *Fashion World,* the estopped party made no objection to and did not seek an appeal from the earlier bankruptcy order. *See id.* at 692.

Nor does Lewis provide any excuse for its failure to raise the offset claim at the § 365 hearing. The bankruptcy court, in granting Lewis' motion to assume the executory contracts, had the authority and ability to consider the offset claims at that time. As the Supreme Court has noted, "[t]he Bankruptcy Court is a court of equity, and in making [the § 365] determination it is in a very real sense balancing the equities...." *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 527, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984). We see no good reason why Lewis should not have given the bankruptcy court the opportunity to consider the offset claim when it balanced the equities. *See In re J.F. Hink & Son,* 815 F.2d 1314, 1318 (9th Cir.1987). Accordingly, the judgment of the district court is

**AFFIRMED.**

---

1. Section 365 provides in relevant part:
   (a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
   (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of such contract or lease, the trustee—

   (A) cures, or provides adequate assurance that the trustee will promptly cure, such default;
   (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
   (C) provides adequate assurance of future performance under such contract or lease.